

## NUMBER 13-08-00692-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **LESTER J. HUFFMASTER,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

## On appeal from the 377th District Court of Victoria County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

On September 14, 2006, appellant, Lester J. Huffmaster, was charged by indictment with a third offense of driving while intoxicated, a third-degree felony.[1]  *See* TEX. PENAL CODE ANN. §§ 49.04 (Vernon 2003), 49.09(b)(2) (Vernon Supp. 2008).  Pursuant to a plea

---

[1] The indictment provided that Huffmaster had been twice convicted in Victoria County, Texas, of operating a motor vehicle while intoxicated on December 3, 1998, and on August 16, 2001. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2008) (providing that an offense under section 49.04 of the penal code becomes a third-degree felony if the offender has been previously convicted two times of, among other things, operating a motor vehicle while intoxicated).

bargain, Huffmaster pleaded guilty to the offense. The trial court accepted the plea bargain, sentenced Huffmaster to ten years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, and imposed a $2,000 fine. The sentence was suspended, and Huffmaster was placed on community supervision for a period of ten years.

On April 18, 2008, the State filed its first amended motion to revoke Huffmaster's community supervision. In its motion, the State alleged that Huffmaster violated several provisions of his community supervision, including making terroristic threats, missing his curfew, drinking alcohol, driving multiple times while intoxicated, failing to pay court costs and supervisory fees, failing to perform required community supervision hours, and failing to have a "Deep Lung Breath Analysis Mechanism Device" on his car. The trial court conducted a hearing on the State's first amended motion to revoke on October 31, 2008. At the hearing, Huffmaster, after being admonished, pleaded "true" to the majority of the allegations contained in the State's motion.[2]

The trial court concluded that Huffmaster had violated the terms and conditions of his community supervision, revoked his community supervision, and reinstated the original sentence of ten years' confinement with a $2,000 fine.[3] The trial court certified Huffmaster's right to appeal, and Huffmaster now brings this appeal. We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Huffmaster's

---

[2] Huffmaster pleaded "not true" to making a terroristic threat, missing his curfew, and driving multiple times while intoxicated.

[3] The punishment range for a third-degree felony is "imprisonment in the institutional division for any term of not more than 10 years or less than 2 years" and a "fine not to exceed $10,000." *Id.* § 12.34 (Vernon 2003).

court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated. Though counsel presents six "issues" in his brief, counsel concludes that these "issues" lack merit and that any appeal in this case would be frivolous. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Huffmaster's appellate counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on Huffmaster, and (3) informed Huffmaster of his right to review the record and to file a pro se response within thirty days.[4] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and Huffmaster has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

---

[4] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Huffmaster's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Huffmaster and to advise Huffmaster of his right to file a petition for discretionary review.[5] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252

---

[5] No substitute counsel will be appointed. Should Huffmaster wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for

S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 16th day of July, 2009.

---

discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.